**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Erica Shippen, | : Civil Action |
| | : |
| Plaintiff | : No. |
| | : |
| v. | : Jury Trial Demanded |
| | : |
| Plymouth Meeting Friends School, | : |
| | : |
| Defendant | : |

## **COMPLAINT**

### **Introduction**

1.      Erica Shippen ("Shippen") is suing her former employer, Plymouth Meeting Friends School ("PMFS" or "Defendant"), for discriminating against her based on her race and for negligent misrepresentation.

2.      Shippen brings her case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq. ("Section 1981"), and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §§ 951, et seq. ("PHRA").

3.      Shippen seeks compensatory damages, punitive damages (under Title VII and Section 1981 only), interest, negative tax consequence damages, injunctive relief, and attorney's fees and costs.

### **Jurisdiction and Venue**

4.      This Court has original jurisdiction to hear this action and adjudicate Shippen's claims pursuant to 28 U.S.C. §§ 1331, 1343. This Court has jurisdiction over Shippen's state law claims pursuant to 28 U.S.C. § 1367(a).

1

5. All jurisdictional prerequisites to bringing this action have been satisfied because:

(a) On October 4, 2024, Shippen filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which Shippen dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

(b) On January 6, 2026, the EEOC issued a Determination and Notice of Rights. This Complaint is being filed within 90 days of Shippen's receipt of the Determination and Notice of Rights.

6. Venue is appropriate in the Eastern District of Pennsylvania because the events or omissions giving rise to Shippen's claims occurred therein and because Defendant may be served with process therein.

## The Parties

7. Shippen is a Black adult individual and is a citizen and resident of the United States. Shippen resides in Brookhaven, Pennsylvania.

8. PMFS is a private school located at 2150 Butler Pike, Plymouth Meeting, PA 19462.

9. At all relevant times, PMFS employed approximately 30-35 employees.

10. At all relevant times, PMFS acted through its employees, agents, representatives and/or servants who were acting within the course and scope of their employment and authority.

## Factual Background

11. In March 2022, PMFS hired Shippen as Associate Head of School.

12. Shippen began her employment on July 1, 2022.

13. At all times, Shippen was qualified for her position based on her work experience and because she met or exceeded PMFS's reasonable performance expectations for her position.

14. PMFS issued Shippen employment agreements for both the 2023-2024 and 2024-2025 school years, with the 2024-2025 agreement being issued on June 6, 2024.

15. On July 1, 2024, Brenda Crawley, Head of School, verbally informed Shippen that the School Committee requested the rescission of her employment agreement.

16. This was followed by written correspondence on July 3, 2024, detailing the decision and proposing that Shippen continue to work as an hourly employee through the end of August 2024 to ensure that everything would be in place for the start of the 2024–2025 school year.

17. The rescission of Shippen's employment agreement is inconsistent with the treatment of other employees, particularly in light of PMFS's ongoing enrollment and financial challenges.

18. For instance, Joyce Colzani ("Colzani"), the former Director of Admission who is White, was not terminated despite overseeing a significant decline in school enrollment from approximately 120 students to fewer than 90 during her tenure.

19. Shippen's termination coincided with a period of tension between the Head of School and the School Committee, particularly following the January 2024 addition of Jeff Markovitz ("Markovitz") to the School Committee. Markovitz is now the Chair of the School Committee.

20. Markovitz created an environment where decisions by the Head of School, a Black female, and guidance offered by the former Clerk of the School Committee, a Black female, were consistently scrutinized. His behavior demonstrated racial bias and personal animus.

21. Shippen was the only employee terminated this school year, despite her 2024-2025 salary of $95,460 amounting to less than a third of the forecasted deficit.

22. Additionally, Markovitz is a founding member of The Friends Collaborative, an organization that raises funds for Quaker schools, which now employs Colzani.

23. Furthermore, PMFS recently received a $1.3 million bequest, which could have alleviated some of the financial pressures cited as reasons for Shippen's termination.

3

24.    Additionally, PMFS, through its agents and representatives, made implied misrepresentations to Shippen regarding her continued employment by issuing her an employment agreement for the 2024-2025 school year on June 6, 2024, despite allegedly knowing of financial concerns that would lead to the rescission of that agreement less than one month later.

25.    PMFS knew or should have known that these representations regarding Shippen's continued employment were false when made.

26.    These misrepresentations were made with the intent to induce Shippen to continue her employment with PMFS.

27.    Shippen reasonably relied on these misrepresentations to her detriment by continuing her employment with PMFS, foregoing other employment opportunities, and making career and personal decisions based on the promised continued employment.

## Count I
## Race Discrimination (Title VII, Section 1981, and PHRA)

28.    Paragraphs 1-27 are incorporated by reference as if fully set forth herein.

29.    Defendant discriminated against Shippen because of her race by, among other things:

(a)    Rescinding her employment agreement while retaining White employees;

(b)    Subjecting her to heightened scrutiny compared to White employees;

(c)    Using purported financial concerns as a pretext for racial discrimination.

30.    Defendant engaged in intentional discrimination against Shippen with malice or reckless indifference to her rights.

31.    Shippen sustained damages, including lost wages, emotional distress, mental anguish, humiliation and embarrassment, loss of dignity, and other nonpecuniary losses for which she is entitled to recovery under her causes of action.

## Count II
## Negligent Misrepresentation

32.    Paragraphs 1-31 are incorporated by reference as if fully set forth herein.

33.    Defendant made material misrepresentations to Shippen regarding her continued employment by:

(a)    Issuing her an employment agreement for the 2024-2025 school year while knowing of alleged financial concerns that would lead to its rescission;

(b)    Failing to disclose material information about the school's intention to rescind her employment agreement.

34.    Defendant knew or should have known these representations were false when made.

35.    These misrepresentations were made with the intent to induce Shippen to continue her employment with PMFS.

36.    Shippen justifiably relied on these misrepresentations to her detriment by continuing her employment with PMFS and foregoing other employment opportunities.

37.    As a direct and proximate result of Defendant's negligent misrepresentations, Shippen has suffered damages including lost wages and benefits, emotional distress, and other economic and non-economic damages.

## Prayer for Relief

WHEREFORE, Shippen respectfully demands judgment in her favor and against PMFS for:

A.    Issue a Declaratory Judgment declaring that PMFS's actions as set forth in this Complaint are unlawful and violate Title VII, Section 1981, and the PHRA.

B.    Issue equitable/injunctive relief including:

(1)     Issue preliminary and permanent injunctions enjoining and restraining PMFS, its officers, agents, employees, and those acting in participation with PMFS, from engaging in any act or practice of harassment, discrimination, and/or retaliation against employees in violation of Title VII, Section 1981, and the PHRA.

(2)     Order PMFS to provide training to all employees and School Committee members on harassment, discrimination, and retaliation prevention and related compliance under Title VII, Section 1981, and the PHRA—with the training specifics to be tailored to the problems, deficiencies, and gaps that the evidence shows.

(3)     Order PMFS to deliver to its employees and School Committee members a copy of the jury verdict and trial court judgment.

(4)     Order PMFS to report on the manner of compliance with the terms of any final order for non-monetary equitable relief issued under Title VII, Section 1981, and the PHRA—with the reporting specifics to be tailored based on the evidence.

(5)     Order PMFS to reinstate Shippen upon such terms and conditions as will put Shippen in the position she would have occupied had PMFS not unlawfully discriminated against Shippen.

C.     Enter judgment in favor of Shippen and against PMFS for back pay, including wages and fringe benefits.

D.     Enter judgment in favor of Shippen for front pay in lieu of reinstatement.

E.     Enter judgment in favor of Shippen and against PMFS for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation, embarrassment, and loss of dignity.

F.     Enter judgment in favor of Shippen and against PMFS for punitive damages, as allowable by law.

G.     Award Shippen reasonable attorney's fees together with the costs of this action.

H.     Award Shippen pre-judgment and post-judgment interest.

I.     Enter judgment in favor of Shippen for any other monetary losses as a direct result of PMFS's violation of Title VII, Section 1981, and the PHRA, including but not limited to negative tax consequence damages.

J.     Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of Shippen's rights, to prevent their recurrence in the future and to protect other employees from such unlawful behavior.

## **Jury Demand**

Shippen hereby demands a jury to try all claims triable by jury.


Respectfully submitted,

Dated: April 6, 2026

Stephanie J. Mensing
PA ID No. 89625
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 586-3751; (215) 359-2741 fax
stephanie@mensinglaw.com
Attorney for Plaintiff